## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **REGIONAL LOCAL UNION NO. 846**, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, by and through LUIS QUINTANA, in his representative capacity as business manager; and **REGIONAL DISTRICT COUNCIL WELFARE TRUST**, by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL PENSION TRUST,** by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL TRAINING TRUST**, by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL VACATION TRUST**, by and through its Board of Trustees, | Case No.: 3:11-cv-00658-AC **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| **GULF COAST REBAR, INC.**, a Florida corporation, fka GULF COAST PLACERS, INC., a Florida corporation, | |
| Defendant. | |

Paul C. Hays
CARNEY BUCKLEY HAYS & MARSH
1500 SW First Ave., Ste. 1015
Portland, OR  97201

James R. Kimmey
BARTLEY GOFFSTEIN, LLC
4399 Laclede Ave.
St. Louis, MO  63018

Of Attorneys for Plaintiffs

Robert B. Miller
KILMER VOORHEES & LAURICK, PC
732 NW 19th Ave.
Portland, OR  97209

Dale J. Morgado
FELDMAN, FOX & MORGADO
100 North Biscayne Blvd., Ste. 2902
Miami, FL  33132

Of Attorneys for Defendant

**SIMON, District Judge**.

Plaintiffs Regional Local Union No. 846 ("Regional"), Regional District Council Welfare

Trust, Regional District Council Pension Trust, Regional District Council Training Trust, and

Regional District Council Vacation Trust (collectively "Plaintiffs") filed suit pursuant to the

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), and the Labor-

Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), alleging that Defendant Gulf Coast

Rebar, Inc. ("Defendant") breached their collective bargaining agreement ("CBA"). Dkt. 1.

Although neither Plaintiffs nor Defendant do business in Oregon, and the alleged breach did not

occur in Oregon, the four Plaintiff Trusts ("Trusts") are administered in Portland, Oregon by the

William C. Earhart Company.[1] Compl. ¶ 11. Pursuant to ERISA, 29 U.S.C. § 1132(e)(2), an

action may be brought in the judicial district where an ERISA plan is administered. Defendant

moved to dismiss the complaint. Dkt. 12.

United States Magistrate Judge John V. Acosta issued Findings & Recommendations

("F&R") recommending that this court grant Defendant's motion. Dkt. 20. Judge Acosta made

---

[1]  Earhart is not a party to this action.

two principal findings: (1) that the Trusts lacked standing; and (2) that the court did not have

personal jurisdiction over Defendant. Judge Acosta found that the trusts identified as Plaintiffs in

the complaint were not same trusts named in the CBA. The CBA identified the trusts as the

Rebar Retirement Plan and Trust, the Local 846 Rebar Welfare Trust, the Local 846 Vacation

Trust, and the Local 846 Training Trust. Judge Acosta concluded, therefore, that Plaintiff Trusts

lacked standing because they "are not party to the" CBA. F&R at 7.

After Judge Acosta recommended dismissing the Trusts, the case "became an action by

[Regional] under the LMRA to enforce the [CBA] and recover unpaid union dues." F&R at 8.

Without the Trusts, Regional could no longer rely on 29 U.S.C. § 1132(e)(2) to confer

jurisdiction. Instead, Plaintiff could rely only on LMRA's jurisdiction statute, 29 U.S.C.

§ 185(c). Judge Acosta concluded, however, that the LMRA did not confer personal jurisdiction

over Defendant in this district. F&R 8-13. Judge Acosta recommended dismissing Regional's

claim against Defendant: "This court lacks personal jurisdiction over Gulf Coast and the Union's

claim against Gulf Coast should be dismissed as well." F&R at 13.

No party filed objections to Judge Acosta's F&R. Instead, Plaintiffs moved for leave to

file an amended complaint. Dkt. 22. Plaintiffs purport to correct the problems identified in Judge

Acosta's F&R by amending the complaint to clarify that the Trusts had been renamed pursuant

to decisions by the Trusts' Boards of Trustees in 2008.[2] The proposed amended complaint

corrects the names of the Trusts in the case caption and alleges that the Trusts were formerly

known by the names stated in the CBA. Dkt. 24-1. The court issued an order, Dkt. 26, permitting

Defendant an opportunity to submit briefing on whether Plaintiffs' proposed amended complaint

---

[2]  Defendant argued in its Motion to Dismiss that the "Plaintiff [Trusts] are not parties to
agreements referenced in the CBA," Def.'s Mem. at 3. Plaintiffs do not appear to have responded
to that argument in their briefing to Judge Acosta.

sufficiently cured the defects described in Judge Acosta's F&R. Defendant filed briefing, Dkt. 30, and Plaintiffs responded. Dkt. 32. Defendant argues that the amended complaint does not solve the problems identified in the F&R because the Trusts were renamed in 2008, *before* the CBA was signed in 2009. The CBA, thus, should have used the new names, rather than the earlier, 2008 names. Plaintiffs respond they are the same trusts identified in the CBA and the proposed amended complaint properly alleges that they were the same trusts by noting that they were formerly known by the names listed in the CBA.

In general, the district court grants leave to amend freely, unless a plaintiff's "proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Plaintiffs proposed amended complaint sufficiently alleges that the Trusts are the same trusts identified in the CBA. The proposed amended complaint, therefore, appears to cure the first defect identified by Judge Acosta. Because Plaintiffs allege that the Trusts are administered in Oregon, Plaintiffs may rely on 29 U.S.C. § 1132(e)(2) to establish jurisdiction. Thus, the proposed amendment also appears to cure the second defect identified by Judge Acosta. The court concludes that amendment is not futile. Plaintiffs Motion for Leave to File an Amended Complaint, Dkt. 22, is GRANTED and Judge Acosta's F&R is VACATED as moot.

The court notes, however, that Regional's claims appear to be subject to mandatory arbitration. Article IX of the CBA requires Regional to follow a three-step procedure, which includes mandatory arbitration, whenever Regional believes that a "violation of this Agreement has occurred." Plaintiffs argue that the LMRA, 29 U.S.C. § 185, provides that they may bring suit for violations of the CBA. Where, however, a statute is "silent on whether claims . . . can proceed in an arbitrable forum, the [Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.] requires the

arbitration agreement to be enforced according to its terms." *CompuCredit Corp. v. Greenwood*, 565 U. S. ___, 132 S.Ct. 665, 673 (2012). Because the LMRA is silent with respect to arbitration, Regional's claim appears to be subject to the mandatory arbitration provision in the CBA.

Although the Trusts are not identified as party to the arbitration clause, Defendant argues that the claims brought by the Trusts must also be stayed or dismissed pending arbitration. Because the question of mandatory arbitration has not been fully briefed to this court, I find that these issues can be more adequately addressed by Judge Acosta.

## CONCLUSION

Plaintiffs' Motion for Leave to File an Amended Complaint, Dkt. 22, is GRANTED, and Judge Acosta's F&R, Dkt. 20, is VACATED as moot.

IT IS SO ORDERED.

Dated this 7th day of March, 2012.

/s/ Michael H. Simon

_____

Michael H. Simon
United States District Judge