IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **REGIONAL LOCAL UNION NO. 846,** International Association of Bridge Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, by and through LUIS QUINTANA, in his representative capacity as Business Manager; **REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST**, f/k/a LOCAL 846 REBAR WELFARE TRUST, by and through its Board of Trustees; **REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST**, f/k/a REBAR RETIREMENT PLAN AND TRUST, by and through its Board of Trustees; **REGIONAL DISTRICT COUNCIL TRAINING TRUST**, f/k/a LOCAL 846 TRAINING TRUST, by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL VACATION TRUST FUND**, f/k/a LOCAL 846 VACATION TRUST, by and through its Board of Trustees, <br><br>      Plaintiffs, <br><br>  v. <br><br>**GULF COAST REBAR, INC.**, a Florida corporation, f/k/a GULF COAST PLACERS, INC., a Florida corporation, <br><br>      Defendant. | Case No.: 3:11-cv-658-AC <br><br> **OPINION AND ORDER** |

Paul C. Hays, Ping Tow-Woram, Carney Hays & Marsh, 1500 S.W. First Avenue, Suite 1015, Portland, Oregon 97201; James R. Kimmey, Bartley Goffstein, LLC, 4399 Laclede Avenue, St. Louis, MO 63108. Of Attorneys for Plaintiffs.

Robert B. Miller, Kilmer, Voorhees & Laurick, P.C., 732 N.W. 19th Avenue, Portland, Oregon 97209. Of Attorneys for Defendant.

**SIMON, District Judge**.

In this action, Plaintiff Regional Local Union No. 846 ("Regional") and Plaintiffs Regional District Council Welfare Plan and Trust, Regional District Council Retirement Plan and Trust, Regional District Council Training Trust, and Regional District Council Vacation Trust Fund (the "Trusts") assert two claims for relief against Defendant Gulf Coast Rebar, Inc. ("Gulf Coast"). In their first claim, brought under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(g) and 1145, (the "ERISA claim"), the Trusts allege that Gulf Coast failed to make contributions to the Trusts pursuant to a collective bargaining agreement ("CBA") and certain trust agreements. First Amended Compl. ("FAC") ¶¶ 13-28 (Dkt. 38). In the second claim, brought under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, (the "LMRA claim"), Regional alleges that Gulf Coast failed to remit "check-off dues and working assessments" to Regional as required by the CBA. FAC ¶¶ 29-38.

In response, Gulf Coast filed several motions. Dkt. 39. Gulf Coast moves to dismiss for lack of personal jurisdiction and for failure to state a claim. In the alternative, Gulf Coast moves to compel arbitration for all parties and claims. In the event that the Court orders arbitration with respect to Regional's LMRA claim but not with respect to the Trusts' ERISA claim, Gulf Coast moves to stay the ERISA claim pending arbitration of the LMRA claim. In the further alternative to all of these motions, Gulf Coast moves to transfer venue.

On August 30, 2012, Magistrate Judge John V. Acosta issued Findings and Recommendations ("F&R") on Gulf Coast's motions, and referred them to this Court. Dkts. 49-50. Judge Acosta recommended that the Court: (1) GRANT Gulf Coast's motion to compel arbitration with regard to Regional's LMRA claim and DENY Gulf Coast's motion to compel arbitration with regard to the Trusts' ERISA claim; (2) DENY Gulf Coast's motions to

dismiss; (3) GRANT Gulf Coast's motion to stay the Trusts' ERISA claim pending arbitration of Regional's LMRA claim; and (4) DENY Gulf Coast's alternative motion to transfer venue with leave to refile after the stay of the Trusts' ERISA claim is lifted. Plaintiffs filed timely objections. Dkt. 51. Gulf Coast filed a timely response. Dkt. 53.

Under the Federal Magistrates Act, the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## DISCUSSION

### A.     Motion to Compel Arbitration

The CBA requires Regional and Gulf Coast to arbitrate "[a]ny question arising out of [the CBA] involving its interpretation or application, excluding trades jurisdictional disputes[.]"

Page 3 – OPINION AND ORDER

Dkt. 38, Ex. 1. Judge Acosta found that Plaintiffs' ERISA claim and LMRA claim both require the interpretation and application of the CBA. F&R at 21-22. Because Regional and Gulf Coast agreed in the CBA to arbitrate their disputes, Judge Acosta recommended that Gulf Coast's motion to compel arbitration should be granted with respect to Regional's LMRA claim. *Id.*

Judge Acosta's recommendation to compel arbitration of Regional's LMRA claim is well-reasoned and correct. Federal labor law strongly favors arbitration of labor disputes, and an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960); *see also Gateway Coal Co. v. United Mine Workers of Am.*, 414 U.S. 368, 377 (1974) (noting legislative and judicial policies favoring arbitration). The parties have not objected to this portion of Judge Acosta's recommendation. Accordingly, the Court adopts Judge Acosta's recommendation that the Court grant Gulf Coast's motion to compel arbitration with respect to Regional's LMRA claim.

The Trusts, however, are not parties to the CBA. Accordingly, Judge Acosta found that the Trusts are not bound to arbitrate their ERISA claim against Gulf Coast. F&R at 23-24. Judge Acosta therefore correctly recommended that Gulf Coast's motion to compel arbitration of the Trusts' ERISA claim should be denied. F&R at 22-24. No party objected to this portion of the recommendation, and the Court adopts Judge Acosta's recommendation that the Court deny Gulf Coast's motion to compel arbitration with respect to the Trusts' ERISA claim.

**B.    Motions to Dismiss**

Gulf Coast moved the Court to dismiss Plaintiffs claims on several grounds: (1) Regional failed to establish personal jurisdiction over Gulf Coast; (2) the Trusts failed to state a claim

under ERISA; and (3) Regional failed to state a claim under LMRA.[1] Judge Acosta addressed each of these arguments. Judge Acosta found that the Court "has jurisdiction over Gulf Coast with regard to both Plaintiff Trusts' claims under ERISA and [Regional]'s claims under the LMRA."[2] F&R at 14. Judge Acosta also found that Plaintiffs stated a claim under ERISA. F&R at 11-14. Lastly, Judge Acosta found that Regional stated a claim under the LMRA. F&R at 14-21. Gulf Coast objected to none of these findings.

Plaintiffs, however, object to one finding made during the course of Judge Acosta's discussion of Defendant's argument that Regional failed to state a claim under LMRA. Judge Acosta found that the CBA "does not require [Gulf Coast] to file reports of its hours." F&R at 20. Plaintiffs contend that, to the contrary, the "CBA expressly addresses reports." Pls.' Obj. at 2. Gulf Coast responds that "Judge Acosta correctly found that the language of the CBA does

---

[1] Gulf Coast argued that Regional failed to state a claim under LMRA for three reasons: (1) Gulf Coast did not breach the CBA because the CBA does not require Gulf Coast to submit reports of hours or to an audit; (2) Regional did not allege "anything beyond the mere possibility of loss of contributions for craft work"; and (3) the CBA does not meet the "structural requirements of the LMRA." Def.'s Memorandum in Support at 13-17.

[2] Judge Acosta reached this finding by relying in part on this Court's March 7, 2012, Order, Dkt. 36, in which this Court granted Plaintiffs' motion for leave to file an amended complaint. Dkt. 22. In that Order, this Court noted that the proposed amended complaint (which Plaintiffs have since filed, Dkt. 38) was not futile because it "sufficiently alleges that the Trusts are the same trusts identified in the CBA," and, therefore, "appears to cure" the defects in the original complaint that led Judge Acosta to recommend dismissing the original complaint for lack personal jurisdiction. Gulf Coast did not object to Judge Acosta's finding regarding personal jurisdiction, and Judge Acosta is correct. As Judge Acosta explained, 29 U.S.C. § 1132(e)(2) provides the court with personal jurisdiction over the ERISA claim. Under the doctrine of pendent personal jurisdiction, this Court also has jurisdiction over the LMRA claim. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) ("a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction"). If, however, evidence revealed during the arbitration proceedings or in discovery (after the stay is lifted) reveals that the Trusts suing here are not the same trusts that are party to the CBA, Gulf Coast may refile its motion to dismiss for lack of personal jurisdiction.

Page 5 – OPINION AND ORDER

not require reports of hours worked and this F&R requires no further clarification." Def.'s Resp. to Pls.' Obj. at 4.

The Court need not address Plaintiffs' objection, however, because the Court declines to adopt any of Judge Acosta's findings regarding Gulf Coast's argument that Regional has failed to state a claim under the LMRA. The Court declines to adopt those findings not because they are incorrect. Rather, the Court declines to adopt those findings because they concern the interpretation and application of the CBA. After a court has found that a dispute should be submitted to arbitration, the "court is not to rule on the potential merits of the underlying claims." *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986). In *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564 (1960), the Supreme Court explained:

> The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.
>
> The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.

*Id.* at 567-68.

Gulf Coast and Regional agreed to arbitrate their disputes. This Court should not pre-judge the validity of Regional's claims by making findings about the interpretation and application of the CBA before arbitration is complete. Accordingly, the Court declines to adopt

Page 6 – OPINION AND ORDER

Judge Acosta's findings, F&R at 14-21, with respect to Gulf Coast's argument that Regional has failed to state an LMRA claim. The Court adopts Judge Acosta's findings, F&R at 11-14, with respect to personal jurisdiction and the Trusts' ERISA claim because they do not involve interpretation and application of the CBA.

### C.     Motion to Stay

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although case management alone "is not necessarily a sufficient ground to stay proceedings," *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), a district court "can stay any statutory claim that arises out of substantially the same facts present in an ongoing administrative or arbitral proceeding." *Amaro v. Cont'l Can Co.*, 724 F.2d 747, 752 (9th Cir. 1984). In circumstances like these, an order to stay an ERISA claim should be premised on: "(1) receipt of satisfactory assurances that the arbitration is proceeding with diligence and efficiency . . . ; and (2) a determination that the relief available under section 502 of ERISA, 29 U.S.C. § 1132, will not be jeopardized by the stay." *Id.* (internal quotation marks and citation omitted).

Judge Acosta found that this case met the two-part test set forth in *Amaro*. Judge Acosta found that the "claims raised by Plaintiff Trusts require construction of the [CBA] and are factually similar to the claims asserted by [Regional], which the court has recommended be addressed through arbitration." F&R at 24. Accordingly, Judge Acosta recommended that this Court "stay[] those claims pending arbitration of" Regional's claim. F&R at 24.

Plaintiffs object. They argue that because the Trusts "are not parties to the CBA, and are not bound by its arbitration procedures" there is "no basis for staying this case pending arbitration." Pls. Obj. at 4. In support of their objection, Plaintiffs rely on *MacKillop v. Lowe's Mkt., Inc.*, 58 F.3d 1441 (9th Cir. 1995). In that case, the Ninth Circuit held that an employer's obligations under ERISA, 29 U.S.C. § 1445, to make contributions to a multiemployer plan "remained regardless of the validity of" its collective bargaining agreement with the union. *Id.* at 1446. In the same way, Plaintiffs contend that Gulf Coast's obligation under ERISA to make contributions to the Trusts is not dependent on the CBA between Regional and Gulf Coast. Plaintiffs argue that the Trusts are "seeking to enforce the Plans, which . . . are merely incorporated into the CBA." Pls.' Obj. at 3. As such, Plaintiffs contend that there is no reason to stay the Trusts' ERISA claim pending arbitration between Regional and Gulf Coast.

The Court disagrees with Plaintiffs' argument. In *Mackillop*, the Ninth Circuit foreclosed certain contract-based defenses to ERISA claims. In the pending case, however, Plaintiffs' ERISA claim relies on provisions of the CBA. Judge Acosta found that the "claims raised by Plaintiff Trusts require construction of the [CBA] and are factually similar to" Regional's LMRA claim. F&R at 24. Judge Acosta is correct. *See* FAC ¶¶ 16, 18-21. To take one example, in the ERISA claim Plaintiffs request an "order awarding the [Trusts] interest in the amount of one and one-half percent . . . per month on all outstanding contributions determined to be due." FAC ¶ 28(d). This request is based on a provision in the CBA providing that failure to "make remittances to the fringe benefits funds [*i.e.*, the Trusts] by the 15th day of the month following the month in which work was performed shall result in the accrual of interest at the rate of one and one-half percent . . . per month for all unpaid balances[.]" Dkt. 38, Ex. 1; FAC ¶ 21.

It may be that the Trusts could have pleaded an ERISA claim without reference to the CBA. If they had done so, there may not have been reason to stay that claim pending arbitration of Regional's LMRA claim. As pleaded, however, the ERISA claim relies on and requires an interpretation and application of the CBA. If this Court were to permit the Trusts to proceed on the ERISA claim, the Court may be forced to interpret and apply the CBA. Yet, as noted above, Supreme Court precedent strongly counsels against the Court making findings regarding the interpretation and application of a CBA before arbitration is complete. The Court agrees, therefore, with Judge Acosta that the Trusts' ERISA claim should be stayed pending arbitration of Regional's LMRA claim.

Under *Amaro*, a stay must be premised on a determination that it will not jeopardize the Plaintiffs' ERISA claim and on a finding that the parties will conduct arbitration with diligence and efficiency. Plaintiffs have not argued that relief under their ERISA claim will be jeopardized by a stay, and the Court finds that the ERISA claim will not be jeopardized by a stay. Because arbitration has not yet begun, the Court has not had an opportunity to receive "assurances that the arbitration is proceeding with diligence and efficiency." Regional and Gulf Coast should, however, keep Judge Acosta apprised of their progress in arbitration. If the parties fail to pursue arbitration with diligence and efficiency, the Court may re-evaluate the propriety of the stay.

### D.     Motion to Transfer Venue

The parties have not objected to Judge Acosta's recommendation that the Court should deny Gulf Coast's alternative motion to transfer venue with leave to refile after the stay of the Trusts' claims is lifted. The Court has reviewed that recommendation for clear error and finds none. Accordingly, the Court adopts this recommendation.

### CONCLUSION

The Court **ADOPTS IN PART** Judge Acosta's findings and recommendations, Dkt. 49, as follows: The Court adopts all of Judge Acosta's findings and recommendations except those concerning Gulf Coast's motion to dismiss for failure to state a claim, beginning with Section I.B.2, "The Agreement does not meet the LMRA Structural Requirements," on page 14, and continuing until the end of section I.C, "Plaintiffs' Failure to State a Claim," ending on page 21. Accordingly, the Court **GRANTS** Gulf Coast's motion to compel arbitration of Regional's LMRA claim, **DISMISSES** Regional's LMRA claim without prejudice, **DENIES** Gulf Coast's motion to compel arbitration of the Trusts' ERISA claim, **GRANTS** Gulf Coast's motion to stay the Trusts' ERISA claim pending arbitration of Regional's LMRA claim, and **DENIES** Gulf Coast's alternative motion to transfer venue with leave to refile after the stay of the Trusts' claims is lifted. Dkt. 39.

IT IS SO ORDERED.

Dated this 22nd day of October, 2012.

                                                      /s/ Michael H. Simon  
                                                      Michael H. Simon  
                                                      United States District Judge