# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **REGIONAL LOCAL UNION NO. 846,** International Association of Bridge Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, by and through **LUIS QUINTANA**, in his representative capacity as Business Manager; **REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST**, f/k/a LOCAL 846 REBAR WELFARE TRUST, by and through its Board of Trustees; **REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST**, f/k/a REBAR RETIREMENT PLAN AND TRUST, by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL TRAINING TRUST**, f/k/a LOCAL 846 TRAINING TRUST, by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL VACATION TRUST FUND**, f/k/a LOCAL 846 VACATION TRUST, by and through its Board of Trustees, <br><br>       Plaintiffs, <br><br>  v. <br><br>**GULF COAST REBAR, INC.**, a Florida Corporation, f/k/a GULF COAST PLACERS, INC**.**, a Florida Corporation, <br><br>       Defendant. | Case No. 3:11-cv-658-AC <br><br> **OPINION AND ORDER** |

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on November 4, 2014. Dkt. 82. Judge Acosta recommended that (1) Plaintiffs' Motion to Confirm and Enforce Arbitration Award (Dkt. 78) be granted; and (2) Defendant's Motion to Vacate Arbitration Award (Dkt. 75) be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendant timely filed an objection (Dkt. 87) to which Plaintiffs responded (Dkt. 88).

PAGE 2 – OPINION AND ORDER

Defendant objects to portions of the Findings and Recommendation respecting the standard of review that should apply to the Arbitrator's decision. Defendant further objects to the finding that a plausible construction of the arbitration award was to have "considered Gulf Coast's request for arbitration to be a concession that arbitration is appropriate under the Agreement and, accordingly, a waiver of any defense to arbitrability."[1]

The Court has reviewed *de novo* Judge Acosta's Findings and Recommendation, as well as Defendant's objections, Plaintiffs' response, and the underlying briefing in this case. The Court agrees with Judge Acosta's reasoning and adopts the Findings and Recommendation.

## CONCLUSION

The Court ADOPTS Judge Acosta's Findings and Recommendations. Dkt. 82. Plaintiffs' Motion to Confirm and Enforce Arbitration Award (Dkt. 78) is GRANTED. Defendant's Motion to Vacate Arbitration Award (Dkt. 75) is DENIED.

**IT IS SO ORDERED.**

DATED this 26th day of January, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] In a footnote, Defendant further argues that this Court lacks subject matter jurisdiction over the claim, warranting dismissal. Judge Acosta rejected this argument, and the court agrees with his well-reasoned conclusion.