# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **REGIONAL LOCAL UNION NO. 846,** International Association of Bridge Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, by and through **LUIS QUINTANA**, in his representative capacity as Business Manager; **REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST**, f/k/a LOCAL 846 REBAR WELFARE TRUST, by and through its Board of Trustees; **REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST**, f/k/a REBAR RETIREMENT PLAN AND TRUST, by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL TRAINING TRUST**, f/k/a LOCAL 846 TRAINING TRUST, by and through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL VACATION TRUST FUND**, f/k/a LOCAL 846 VACATION TRUST, by and through its Board of Trustees, | Case No. 3:11-cv-658-AC <br><br> **OPINION AND ORDER** |

       Plaintiffs,

   v.

**GULF COAST REBAR, INC.**, a Florida Corporation, f/k/a GULF COAST PLACERS, **INC.**, a Florida Corporation,

       Defendant.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Plaintiffs Regional Local Union No. 846 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO (the "Union"), and the Regional District Council Welfare Trust, the Regional District Council Pension Trust, the Regional District Council Training Trust, and the Regional District Council Vacation Trust (collectively the "Trusts"), filed this action to recover amounts allegedly owed to them by Defendant Gulf Coast Rebar, Inc. ("Gulf Coast"), pursuant to the terms of a collective bargaining agreement (the "Agreement"). On October 22, 2012, this Court granted Gulf Coast's motion to compel arbitration of the Union's claim under the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141-197, (the "LMRA") and stay the Trusts' claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(g) and 1145, (the "ERISA"). The arbitrator issued an award in favor of the Union finding that Gulf Coast may have incurred financial obligations to the Union and directing Gulf Coast to submit to an audit. After the Court affirmed the arbitrator's decision, the Union and the Trusts (collectively "Plaintiffs") filed a second amended complaint. Gulf Coast responded with a motion to dismiss or, in the alternative, to stay, compel arbitration, or transfer venue to the United States District Court for the Middle District of Florida. ECF 113.

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on June 6, 2016. ECF 127. Judge Acosta recommended that the Court: (1) grant Gulf Coast's motion to refer the action to arbitration to determine the amounts due Plaintiffs based on an audit initiated in March 2015 and to determine Gulf Coast's liability for sums accrued after March 2015; (2) dismiss the Union's claim under the LMRA without prejudice; (3) stay the Trusts' claim under the ERISA, pending arbitration; (4) deny Gulf Coast's motion to dismiss the

Trusts' claim for liquidated damages; and (5) deny Gulf Coast's motion to transfer venue with leave to refile.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Gulf Coast timely filed objections (ECF 129), to which Plaintiffs responded (ECF 130). Gulf Coast objects to Judge Acosta's recommendation that the action be referred to the same arbitrator who previously found in the Union's favor and directed Gulf Coast to submit to an audit. According to Gulf Coast, the original arbitrator, William P. Hobgood, issued a final and complete award and did not retain jurisdiction over the case. Therefore, argues Gulf Coast,

Arbitrator Hobgood does not have the authority to preside over the second arbitration, which should be conducted by a new arbitrator selected pursuant to the process set forth in the Agreement. Gulf Coast also objects to Judge Acosta's statement that "[t]he Audit revealed Gulf Coast owes Plaintiffs $876,177.41 in contributions, $354,761.21 in dues, $160,925[.]90 in liquidated damages, and $465,859.45 in interest." ECF 127 at 7. Gulf Coast requests that Judge Acosta's statement be revised to read, "[T]he Audit revealed Gulf Coast ***may*** owe Plaintiffs amounts up to $876,177.41 in contributions, $354,761.21 in dues, $160,925.90 in liquidated damages, and $465,859.45 in interest." ECF 129 at 2 (emphasis added).

Plaintiffs make no argument concerning the revision of Judge Acosta's findings and recommendation to add the word "may" at page seven. Plaintiffs do, however, oppose any revision that would require the selection of a new arbitrator. According to Plaintiffs, Arbitrator Hobgood, who the parties previously chose pursuant to the Agreement, is the proper arbitrator to determine damages. Plaintiffs offer several arguments for why Arbitrator Hobgood should determine damages. Primarily, and most persuasively, Plaintiffs argue that case law supports a remand to the original arbitrator where, as here, the arbitrator's award is either incomplete or needs clarification.

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent. For those portions of Judge Acosta's Findings and Recommendation to which Gulf Coast objects, the Court undertakes *de novo* review of the Findings and Recommendation, as well as the objections, Plaintiffs' response, and the underlying pleadings and briefing.

PAGE 4 – OPINION AND ORDER

## BACKGROUND

The parties selected Arbitrator Hobgood according to the procedures set forth in the Agreement. *See* ECF 125-1 at 5. The parties agreed that Mr. Hobgood would frame the issues to be arbitrated. Ultimately, Mr. Hobgood framed the issues as follows: (1) did Gulf Coast violate the collective bargaining agreement; and (2) if so, what is the appropriate remedy? Mr. Hobgood determined that Gulf Coast had an obligation under the Agreement to submit dues and working assessments to the Union's funds and that Gulf Coast must undergo an audit to determine the amounts owed from August 2009 to the present. Mr. Hobgood did not expressly retain jurisdiction when he issued his decision. On January 26, 2015, the Court issued an opinion confirming Mr. Hobgood's award. ECF 89. Gulf Coast then submitted to an audit for the time period of January 2010 to March 2015, and Plaintiffs now seek to recover, among other things, the amounts that the audit allegedly found owing.

## DISCUSSION

Judge Acosta correctly notes that courts generally only confirm final, binding arbitration awards. *See Sheet Metal Workers' Int'l Ass'n, Local 206 v. R.K. Burner Sheet Metal Inc.*, 859 F.2d 758, 760 (9th Cir. 1988). The Court confirmed the arbitration award in this case, implicitly finding that the award was final and binding. *See* ECF 82 (Judge Acosta's Findings and Recommendation, adopted by the Court at ECF 89). The traditional common law rule, known as the doctrine of *functus officio*, is that after an arbitrator issues a final, binding award, the arbitrator's authority ends. *See Int'l Bhd. of Teamsters v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1411 (9th Cir. 1997); *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). The doctrine of *functus officio*, however, is subject to several important exceptions: "It has been recognized in common law arbitration that

an arbitrator can correct a mistake which is apparent on the face of his award, complete an arbitration if the award is not complete, and clarify an ambiguity in the award." *Id.* at 734 n.1.

In labor relations disputes, courts liberally recognize exceptions to the doctrine of *functus officio*. For example, in *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960), the arbitrator awarded back pay to a group of discharged employees but failed to determine the amount of wages that the employees had earned in mitigation of their losses. In upholding resubmittal to the original arbitrator, the Fourth Circuit stated, in a portion of the opinion affirmed by the Supreme Court, that "the rule forbidding the resubmission of a final award, which was developed when the courts looked with disfavor upon arbitration proceedings, should not be applied today in the settlement of employer-employee disputes." *Enter. Wheel & Car Corp. v. United Steelworkers of Am.*, 269 F.2d 327, 332 (4th Cir. 1959), *aff'd in relevant part*, 363 U.S. at 599.

Similarly, in *Glass, Molders, Pottery, Plastics & Allied Workers International Union v. Excelsior Foundry Co.*, 56 F.3d 844 (7th Cir. 1995), the Seventh Circuit considered an arbitrator's order that a company reinstate an employee who had failed a drug test. According to the arbitrator's order, the employee's reinstatement was contingent upon the employee completing a company-approved drug-rehabilitation program within 60 days from the "rendition" of the arbitration award. *Id.* at 845. The order did not specify who would pay for the drug-rehabilitation program, and the employee's union asked the arbitrator to clarify the award. *Id.* The arbitrator clarified that the employee must pay for the program and that the 60-day window began to run from the date of the arbitrator's clarification. *Id.* at 846. The company nonetheless refused to reinstate the employee on the basis that 60 days had passed since the date

PAGE 6 – OPINION AND ORDER

of the initial award, although not since the date of the clarification, before the employee completed the program. The union brought suit to enforce the award. *Id.*

The district court granted summary judgment for the company on the ground that the arbitrator's extension of the time period for completing the drug-rehabilitation program violated the doctrine of *functus officio*. *Id.* The Seventh Circuit reversed with instructions to remand to the original arbitrator for determination of the issue of backpay, concluding:

> Arbitrators are no more infallible than judges. They make mistakes and overlook contingencies and leave much to implication and assumption—as the present case illustrates. The arbitration award says that [the employee] has 60 days to complete a rehabilitation program. Period. But many drug-rehabilitation programs have long waiting lists. What if [the employee] had applied to the company-approved program the day after the award was rendered, had been put on a waiting list, and as a result could not have completed the program within 60 days of the date of the order? What if through no fault of his own he had broken his leg in the middle of the program and had had to withdraw?
>
> * * *
>
> An award that fails to address a contingency that has arisen after the award was made is incomplete; alternatively, it is unclear; either way, it is within an exception to the doctrine.

*Id.* at 847. The Seventh Circuit also noted that the doctrine of *functus officio* is so "riddled with exceptions" that "whether it can even be said to exist in labor arbitration is uncertain." *Id.* at 846.

These cases are consistent with Ninth Circuit precedent. In a decision affirmed by the Ninth Circuit, a district court remanded a case back to the original arbitrator, who had interpreted a disputed contract, because the parties remained unable to agree on the amount of damages under the contract. *Great Falls Mill & Smeltermen's Union No. 16 v. Anaconda Co.*, 260 F. Supp. 445 (D. Mont. 1966), *aff'd sub nom. Anaconda Co. v. Great Falls Mill & Smeltermen's Union No. 16*, 402 F.2d 749 (9th Cir. 1968). According to the court, "The application of the contract to the facts in this case is quite as much a function of the arbitrator as is the

interpretation of the contract." *Id.* at 448. The court thus held, "In accordance with the technique used [by the Fourth Circuit and affirmed by the Supreme Court in *Enterprise Wheel & Car Corp.*, 363 U.S. 593], it is ordered that that parties take steps to complete the arbitration so that the award will contain a complete adjudication of the matters in dispute." *Id.*

The Ninth Circuit affirmed another district court's remand to the original arbitrator in a similar case. *ILWU Local 142 v. Land & Const. Co.*, 498 F.2d 201 (9th Cir. 1974). There, the arbitrator had not determined the exact amount of back pay due a former employee, and the district court referred the matter back to the arbitrator to calculate the amount. *Id.* at 202. The Ninth Circuit found no error in "remand for the purpose of determining the exact amount due [the employee]." *Id.* at 206. In the decades after this decision, the Ninth Circuit favorably has cited the case as supporting remand to the original arbitrator for calculation of back pay. *See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Ariz.*, 84 F.3d 1186, 1191 (9th Cir. 1996).

Gulf Coast argues that the cases allowing for remand are distinguishable from this case. Gulf Coast argues that here, where the parties did not request remand to the original arbitrator, the Court's unilateral decision to remand the action to Mr. Hobgood after finding that the award was final would violate the limited judicial scrutiny of an arbitration award. This argument ignores the decision in *ILWU*, however, where the Ninth Circuit held that remand for determining damages does not "represent an unwarranted judicial intrusion into the arbitrator's interpretation of the contract." 498 F.2d at 206. Gulf Coast also argues that the cases allowing for remand do not require that the same arbitrator make the decision. Although the cases do not expressly require remand to the same arbitrator, the cases repeatedly use the article "the" in front of "arbitrator." *See, e.g., Great Falls Mill*, 260 F. Supp. at 448. It is "well established that the

definite article 'the' particularizes the subject which it precedes. It is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.'" *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1356 (Fed. Cir. 2003) (quoting *Am. Bus. Ass'n v. Slater*, 231 F.3d 1, 4-5 (D.C. Cir. 2000)) (quotation marks omitted). The above cases strongly suggest that where an award needs clarification, the same arbitrator who made the award should provide the needed clarity.

Gulf Coast also argues that no exceptions to the doctrine of *functus officio* apply here. According to Gulf Coast, a "final" arbitration award is "by definition complete." ECF 129 at 9. The Ninth Circuit, however, has found that awards that omit damage calculations may still be final. *See, e.g.*, *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1377 (9th Cir. 1987) ("[T]he arbitrator need not complete the mathematical computations of the award for the award to be final and reviewable."). None of the cases discussed above conditioned remand for clarification on a finding that the arbitrator's award was not "final." To the contrary, the awards were found to be final and subject only to limited review by the district courts. *See, e.g.*, *Great Falls Mill*, 260 F. Supp. at 448 ("[I]t is what the arbitrator sees that counts, especially where, as here, the collective bargaining agreement makes his decision final.").

Additionally, Gulf Coast argues that remanding "the action," including both Plaintiffs' claims for a subsequent audit and delinquent dues under the Agreement, to Mr. Hobgood is inappropriate because the Court does not have authority to remand the Trusts' claims to arbitration. Gulf Coast is correct that the Court previously has held that the Trusts' claims under the ERISA are not subject to the mandatory arbitration provisions of the Agreement and that the Court cannot compel the Trusts to arbitrate before Mr. Hobgood. *See* ECF 54 at 4. Nonetheless, the Trusts seek to recover amounts due under the Agreement at hourly rates determined in the

Agreement on behalf of employees performing craft work covered by the Agreement. Therefore, Mr. Hobgood could determine the damages owed to the Trusts using the same or similar formula used to determine the damages owed to the Union. Indeed, that is the logic behind Gulf Coast's request to stay the Trusts' claims pending the outcome of arbitration. As Gulf Coast notes, "[T]he contribution amounts Gulf Coast owes, if any, is a matter governed by the Agreement and is subject to mandatory arbitration." ECF 113 at 9. The Trusts need not be a party to the arbitration for Mr. Hobgood to determine what is owed under the Agreement in light of the March 2015 audit.

Here, contrary to Gulf Coast's arguments, the initial award was final but did not conclusively resolve the issue of damages. Mr. Hobgood recognized, "The only way to determine the amounts that might be owed to [the Union's Fringe Benefit funds and Dues Check-off Fund] is to direct [Gulf Coast], as requested by the Union, to submit to an audit." ECF 73-1 at 11. Recognizing that he lacked the information to issue a complete award, Mr. Hobgood settled upon an audit as a method of determining an appropriate remedy. Mr. Hobgood, however, did not account for contingencies, such as what would happen if Gulf Coast submitted to only a partial audit. Although Mr. Hobgood did not expressly retain jurisdiction to clarify the remedy after completion of an audit, any additional decision by him would supplement, complete, or clarify the initial award rather than displace it.[1] Thus, remand to Mr. Hobgood for a damage calculation of what is owed to Plaintiffs would fall squarely within the exceptions to the doctrine of *functus officio* in labor relations cases.

---

[1] The Supreme Court in *Enterprise Wheel*, 363 U.S. 593, also allowed for remand where the arbitrator did not expressly retain jurisdiction. *See* John E. Dunsford, *The Case for Retention of Remedial Jurisdiction in Labor Arbitration Awards*, 31 Ga. L. Rev. 201, 259 n.270 (1996) ("It will be recalled that the arbitrator did not retain jurisdiction in *Enterprise Wheel*.").

PAGE 10 – OPINION AND ORDER

## CONCLUSION

The Court **ADOPTS IN PART** Judge Acosta's Findings and Recommendation, ECF 127, as follows: The Court adopts all of Judge Acosta's Findings and Recommendation, as supplemented herein, except the statement on page seven, beginning with "[t]he Audit revealed . . . ." This statement is modified to read, "The Audit revealed Gulf Coast may owe Plaintiffs amounts up to $876,177.41 in contributions, $354,761.21 in dues, $160,925.90 in liquidated damages, and $465,859.45 in interest." Gulf Coast's motion (ECF 113) to compel arbitration of the amounts due under the Agreement based on the March 2015 audit and Gulf Coast's liability for amounts accruing after the March 2015 audit is GRANTED, and the matter is remanded to Arbitrator William P. Hobgood. The Union's claim under the LMRA is DISMISSED without prejudice, and the Trusts' ERISA claims are STAYED. Gulf Coast's motion to dismiss the Trusts' claim for liquidated damages is DENIED, and the alternative motion to transfer this action to the Middle District of Florida is DENIED with leave to refile.[2]

**IT IS SO ORDERED**.

DATED this 13th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] Judge Acosta's reference to "the Union's motion" (ECF 127 at 22) appears to be a scrivener's error and should read "Gulf Coast's motion."